UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
JON E. GIRODES,

                    Plaintiff,                17 Civ. 6789 (RWS)

    -against-                                 OPINION

CITY OF NEW YORK, CAPTAIN FELIX,

                    Defendants.
------------------------------------X

A P P E A R A N C E S:

   Attorneys for Plaintiff

   ANDREW F. PLASSE, P.C.
   352 7th Avenue, Suite 402
   New York, NY 10001
   By: Andrew F. Plasse, Esq.



   Attorneys for Defendants

   ZACHARY CARTER
   Corporation Counsel of the
   City of New York
   100 Church Street, Room 3-219
   New York, NY 10007
   By: Philip R. DePaul, Esq.

1

**Sweet, D.J.**

Defendants the City of New York (the "City") and Captain Felix ("Felix") (collectively, the "Defendants") have moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the complaint (the "Complaint") of plaintiff *pro se* Jon Girodes ("Girodes" or the "Plaintiff"), in which he alleges claims of deliberate indifference to serious medical needs, retaliation, and municipal liability in violation of 42 U.S.C. § 1983. Plaintiff cross-moved to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Based on the facts and conclusions set forth below, Defendants' motion to dismiss is granted, and Plaintiff's motion for leave to amend the Complaint is similarly granted.

## I. Prior Proceedings

Plaintiff commenced this action on September 5, 2017, alleging deliberate indifference to serious medical needs, retaliation, and municipal liability in violation of 42 U.S.C. § 1983. Defendants filed the instant motion to dismiss on February 6, 2018. Andrew Plasse ("Plasse") entered his appearance on behalf of Plaintiff on March 21, 2018, and filed a cross-motion to amend the Complaint on April 9, 2018. Upon several

adjournments of the hearing date, the motions were thereafter argued and marked fully submitted on May 2, 2018.

## II. **The Facts**

The Complaint sets forth the following facts, which are assumed true for the purpose of this motion to dismiss. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

On August 4, 2017, Plaintiff and two other inmates requested to visit the medical clinic (the "Clinic") at the George R. Vierno Center ("GRVC") on Rikers Island. Compl. ¶ 1. Shortly after making the request, "[Felix] said to prepare to be escorted to the clinic." Compl. ¶ 3. Plaintiff then asked if other inmates were at the Clinic, and learned that inmates from the general population were at the Clinic. Compl. ¶ 3. Plaintiff and the two other inmates then expressed concern as to the amount of time they would have to "wait inside a cage" before seeing a physician. Compl. ¶ 3. Plaintiff alleged that normally when he and other inmates from his housing area visit the Clinic, they are alone because they hold a security status of 'closely monitored cases' ("CMC"), and inmates with CMC status are prohibited from coinciding with the general population. Compl. ¶ 3. Felix told Plaintiff and the two other inmates "go

3

now or you're not going at all," and then walked out of the housing area without awaiting their response. Compl. ¶ 3.

Later that evening at 10:00 p.m., Plaintiff and the two other inmates were instructed to "lock-in" their cells for the evening. Compl. ¶ 4. When Plaintiff and the two other inmates again requested to visit the Clinic, Felix and Correction Officer Mayo ("Mayo") entered the housing unit, allegedly in an aggressive and combative manner. Compl. ¶ 4. Plaintiff alleges that Mayo yelled at and forcefully put his body face-to-face with one of the inmates with the intention of provoking a fight. Compl. ¶ 4. Mayo yelled at another inmate in an intimidating and aggressive manner, again allegedly attempting to provoke an altercation. Compl. ¶ 4. Mayo then pointed to Plaintiff and said "Go into your cell. No doctor for you," and "You don't want some of this asshole." Compl. ¶ 4. Next, Mayo entered the third inmate's cell and threw all of the inmate's personal belongings, including his food, on the floor. Compl. ¶ 5. Mayo walked out with the inmate's personal radio. Compl. ¶ 5.

On August 5, 2017, Plaintiff alleges that Felix retaliated against Plaintiff and other inmates in housing area 6-A by executing a 'special search' by the Department of

4

Correction ("DOC") "E.S.U. search team" in which Plaintiff was forced to subject to a strip search. Compl. ¶ 22. Plaintiff asserts that this was not a random search because Felix had announced the forthcoming strip search as a threat the day before. Compl. ¶ 22.

Plaintiff called 3-1-1 and "DOC's investigative division" to report his grievances, but no one responded. Compl. ¶ 23.

As a result of the above alleged abuse, Plaintiff suffered harm and continues to suffer psychological and emotional distress. Compl. ¶ 36.

The instant motions were marked fully submitted on May 2, 2018.

III. **The Applicable Standard**

On a Rule 12(b)(6) motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in favor of the pleader. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). A complaint must contain "sufficient factual matter, accepted as true, to

5

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks omitted).

While "a plaintiff may plead facts alleged upon information and belief 'where the belief is based on factual information that makes the inference of culpability plausible,' such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'" *Munoz-Nagel v. Guess, Inc.*, No. 12 Civ. 1312 (ER), 2013 WL 1809772, at *3 (S.D.N.Y. Apr. 30, 2013) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)); *Prince v. Madison Square Garden*, 427 F. Supp. 2d 372, 384 (S.D.N.Y. 2006); *Williams v. Calderoni*, 11 Civ. 3020 (CM), 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012)). The pleadings, however, "must contain something more than . . . a statement of facts that merely creates a suspicion [of] a

6

legally cognizable right of action." *Twombly*, 550 U.S. at 555 (citation and internal quotation omitted).

In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

## IV. The Defendants' Motion to Dismiss Plaintiff's Complaint is Granted, and Plaintiff is Granted Leave to Amend

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Exhaustion is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Hernandez v. Coffey*, 582 F.3d 303, 305 (2d Cir. 2009) (quoting *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (internal quotation marks omitted); *see Geroge v. Benbow*, No. 13 Civ. 3514 (PKC),

7

2014 WL 4979311, at *3 (S.D.N.Y. Oct. 6, 2014) (granting defendants' motion for summary judgment as to a claim of an unconstitutional strip search due to plaintiffs' failure to exhaust their administrative remedies); *see also Powell v. Schriro*, No. 14 Civ. 6207 (KPF), 2015 WL 7017516, at *1 (S.D.N.Y. Nov. 12, 2015) (noting that "[a]s delineated in the IGRP, claims that DOC personnel interfered with an inmate's medical treatment or access to medical care also fall within this framework.").

Section 1997e(a) requires "proper exhaustion," which "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits.)" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (emphasis in original); *see also Lowman v. Baird*, No. 16 Civ. 6518 (VSB), 2017 WL 6403519, at *5 (S.D.N.Y. Dec. 14, 2017) (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)) ("The PLRA requires 'proper exhaustion,' which obligates prisoners to 'complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself.'").

Failure to exhaust administrative remedies is an affirmative defense. *See Johnson v. Rowley*, 569 F.3d 40, 45 (2d

8

Cir. 2009). As such, just as with other affirmative defenses, "dismissal may be granted at the pleading stage for failure to exhaust if the defense 'appears on the face of the complaint.'" *Antrobus v. Warden of GRVC*, No. 11 Civ. 5128 (JMF), 2012 WL 1900542, at *2 (S.D.N.Y. May 25, 2012) (quoting *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1988); *see also, e.g.*, *Rivera v. Anna M. Cross Ctr.*, No. 10 Civ. 8696 (RJH), 2012 WL 383941, at *2 (S.D.N.Y. Feb. 7, 2012) ("If nonexhaustion is clear, a motion to dismiss should be granted.").

Courts consider two inquiries when determining whether to grant a motion to dismiss for failure to exhaust administrative remedies.[1] *See Hemphill v. New York*, 380 F.3d at 686. First, the court must ask whether administrative remedies were in fact "available" to the prisoner. *Id.*; *see also Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) ("An inmate . . . must

---

[1] Prior to the Supreme Court's decision in *Ross v. Blake*, 135 S.Ct. 1850 (2016), there were three questions courts asked in assessing whether to grant such a motion, the third being "whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements." *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004). However, the Supreme Court reaffirmed the mandatory nature of the exhaustion of administrative remedies, and held that "the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.'" *Ross*, 136 S.Ct. at 1856.

9

exhaust available remedies, but need not exhaust unavailable ones."). Second, the court "must determine whether defendants waived the defense by failing to raise or preserve it, or whether they should otherwise be estopped from asserting the defense because they prevented or inhibited the plaintiff from exhausting his remedies." *Antrobus*, 2012 WL 1900542, at *2.

As to the first consideration, the test for assessing whether certain administrative remedies were "available" is an "objective one: that is, would a similarly situated individual of ordinary firmness have deemed them available." *Hemphill*, 360 F.3d at 386-91. Courts are instructed "to look at the applicable set of grievance procedures, whether city, state or federal." *Mojias v. Johnson*, 351 F.3d 606, 609-10 (2d Cir. 2003). The New York City Department of Correction's Inmate Grievance Resolution Program ("IGRP") sets out the grievance procedures for inmates at Rikers Island. *Antrobus*, 2012 WL 1900542, at *3. To satisfy the IGRP grievance procedure, a plaintiff must:

> (1) file an informal complaint with the Inmate Grievance Resolution Committee ("IGRC"); (2) in the event that informal resolution is not reached within five days, request a formal hearing before the IGRC; (3) appeal any unfavorable decision by the IGRC to the Commanding Officer; (4) appeal any unfavorable decision by the Commanding Officer to the Central Office Review Committee; and (5) appeal any unfavorable decision from the Central Office Review Committee to the New York City Board of Correction.

10

*Myers v. City of New York*, No. 11 Civ. 8525 (PAE), 2012 WL 3776707, at *4 (S.D.N.Y. Aug. 29, 2012).

Here, Plaintiff alleged in his Complaint that he called 3-1-1 and "DOC's investigative division" to report his grievances, Compl. ¶ 23, but made no further allegations of having engaged in any other grievance procedure. In light of Plaintiff's allegations, it is apparent "on the face of the complaint" that Plaintiff did not adhere to any of the five steps of the IGRP grievance procedure. *See Pani*, 152 F.3d at 74. As such, Plaintiff has not exhausted the remedies available to him. *See Myers*, 2012 WL 3776707, at *5.

While a prisoner's failure to exhaust may be excused in certain circumstances when the grievance procedures can be deemed "unavailable," such is not the case here. There are three such instances "in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Ross*, 136 S. Ct. at 1859. First, "an administrative remedy may be unavailable when 'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates.'" *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 123 (2d Cir. 2016) (citing *Ross*, 136 S.Ct. at 1859 ("[F]or example, that a prison handbook directs

11

inmates to submit their grievances to a particular administrative office—but in practice that office disclaims the capacity to consider those petitions.")). Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* (citing *Ross*, 136 S.Ct. at 1859). In other words, "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* at 123-24 (citing *Ross*, 136 S.Ct. at 1859). Third, "an administrative remedy may be unavailable 'when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* at 124 (citing *Ross*, 136 S.Ct. at 1860).

Here, Plaintiff has not alleged any circumstances under which exhaustion of the grievance procedures of the PLRA would be "unavailable" warranting excusal of the exhaustion requirement, so this excuse does not apply.

Second, a "defendant can be estopped from asserting an affirmative defense of failure to exhaust where the defense is not timely raised or the defendant takes some action to inhibit an inmate from exhausting his administrative remedies, such as threatening an inmate with retaliation or taking affirmative steps to prevent the inmate from exhausting." *Williams v. Dep't*

of Corrs., No. 11 Civ. 1515 (SAS), 2011 WL 3962596, at *3 (S.D.N.Y. Sept. 7, 2011). Here, Defendants have not waived this affirmative defense, nor has Plaintiff alleged that Defendants took any action to inhibit him from participating in the grievance procedure. Accordingly, Defendants are not estopped from asserting this defense.

In sum, because Plaintiff has failed to allege exhaustion of the administrative remedies available to him prior to filing suit, the Defendants' motion to dismiss is granted. *See Kasiem v. Switz*, 756 F. Supp. 2d 570, 575 (S.D.N.Y. 2010) ("When a prisoner fails to properly exhaust his administrative remedies before filing suit, the action must be dismissed."); *see Burgos v. Craig*, 307 Fed. App'x 469, 470 (2d Cir. 2008) ("[Exhaustion] must be completed before suit is filed, and completing the exhaustion requirements only after filing suit is insufficient."). As such, the Complaint is dismissed without prejudice.

Plaintiff has moved pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file an amended complaint. Courts are instructed to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citing *Branum v.*

13

*Clark*, 927 F.2d 698, 705 (2d Cir. 1991)) (alterations omitted) ("A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."). Seeing as Plaintiff drafted his Complaint without the assistance of counsel, as it is possible that Plaintiff simply failed to allege exhaustion as required by the PLRA, and as this is Plaintiff's first request for leave to file an amended complaint, the motion is granted. *Accord Acosta v. Corrs. Officer Dawkins*, No. 04 Civ. 6678 (RMB), 2005 WL 1668627, at *4 n.6 (S.D.N.Y. July 14, 2005) (quoting *Berry v. Kerik*, 366 F.3d 85, 87 (2d Cir. 2003)) ("If the time permitted for pursuing administrative remedies has not expired, a prisoner who brings suit without having exhausted these remedies can cure the defect simply by exhausting them and then reinstituting his suit . . . . In such circumstances . . . dismissal without prejudice is appropriate.").

## V. Conclusion

For the foregoing reasons, the Defendants' motion to dismiss is granted, and Plaintiff's motion to amend the Complaint is also granted.

It is so ordered.

**New York, NY**
**July 25, 2018**

_____
ROBERT W. SWEET
U.S.D.J.

15